UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| IRVING D. JUMPING EAGLE, <br><br> Plaintiff, <br><br> vs. <br><br> LLOYD WARREN and KATIE WARREN, <br><br> Defendants. | CIV 18-4131 <br><br><br><br> **ANSWER AND** <br> **AFFIRMATIVE DEFENSES** |

Defendants Lloyd Warren ("Lloyd") and Katie Warren ("Katie") (collectively, "Defendants"), for their Answer to Plaintiff's Petition (Doc. 1), state and allege as follows:

1.    Defendants deny each and every matter, allegation, and thing in Plaintiff's Petition except as expressly admitted below.

2.    Responding to the first and second unnumbered and unlabeled Paragraphs of Plaintiff's Petition, Defendants state that, to the extent that these Paragraphs are construed as an explanation of the nature of his action, the nature of Plaintiff's Petition speaks for itself and Defendants deny Plaintiff's claims as set forth below.

3.    Responding to the unnumbered Paragraph labeled "PARTIES" of Plaintiff's Petition, Defendants admit that Defendants Lloyd and Katie Warren were parties in the state court guardianship proceedings, are parties to this federal action, and reside at the named address. Defendants admit based on information and belief that Plaintiff was the father in the state court guardianship proceedings and resides at the named address. Defendants deny any inference that Plaintiff has named all parties in the state court guardianship proceedings and denies any inference that Plaintiff has named all necessary and indispensable parties in this federal action.

1

4.      Responding to the unnumbered Paragraph labeled "VENUE" of Plaintiff's Petition, Defendants state that said Paragraph contains allegations of law to which no response is required.  To the extent that a response is required, Defendants admit that venue is proper.

5.      Responding to the unnumbered Paragraph labeled "JURISDICTION" of Plaintiff's Petition, Defendants state that said Paragraph contains allegations of law to which no response is required.  To the extent that a response is required, Defendants admit that the Court has jurisdiction under 28 U.S.C. § 1331 and 25 U.S.C. § 1914 over any of Plaintiff's claims which allege a violation of 25 U.S.C. §§ 1911, 1912, or 1913. Defendants deny that the Court has jurisdiction over any of Plaintiff's claims which do not allege a violation of 25 U.S.C. §§ 1911, 1912, or 1913.

6.      Responding to numbered Paragraph 1 of Plaintiff's Petition, Defendants admit filing a Petition for Temporary Guardianship with the named state circuit court in April of 2017.  Defendants admit that the named state circuit court assigned to the matter the case number 05 GDN 17-000005.  Defendant admits that the child subject to the guardianship proceedings, I.L.J.E., was later determined to be an Indian child as defined by ICWA.  Defendants deny any inference that they were aware of I.L.J.E.'s status as an Indian child at the time of filing the April 2017 Petition.  Defendants deny any inference that they were seeking anything more than temporary guardianship and custody of I.L.J.E. at the time of filing the April 2017 Petition.

7.      Responding to numbered Paragraph 2 of Plaintiff's Petition, Defendants deny any allegation misrepresenting that Plaintiff was required to proceed without the procedural protections with assistance of counsel during and throughout the course of the state court

2

guardianship proceedings, because Plaintiff had retained counsel during and throughout the course of the state court guardianship proceedings where the applicability of ICWA was an issue. Defendants deny that Plaintiff's parental rights were terminated in the state court guardianship proceedings. As to the remaining allegations, Defendants are without sufficient information to admit or deny and remit Plaintiff to his strict proof thereof.

8.      Responding to numbered Paragraph 3 of Plaintiff's Petition, Defendants deny that the state trial court ignored 25 U.S.C. § 1901 *et seq.* and deny that the state trial court appointed guardianship in a manner that violated 25 U.S.C. § 1915. Defendants deny any inference that the Court has subject matter jurisdiction over any of Plaintiff's claims in said Paragraph which do not allege a violation of 25 U.S.C. §§ 1911, 1912, or 1913. As to the remaining allegations, Defendants are without sufficient information to admit or deny and remit Plaintiff to his strict proof thereof.

9.      Responding to numbered Paragraph 4 of Plaintiff's Petition, Defendants deny any allegation misrepresenting that Plaintiff was unable to participate in the state court guardianship proceedings, because he had retained counsel. As to the remaining allegations, Defendants are without sufficient information to admit or deny and remit Plaintiff to his strict proof thereof.

10.     Responding to numbered Paragraph 5 of Plaintiff's Petition, Defendants deny any allegation misrepresenting that Plaintiff was unable to and did not appeal from the state trial court's orders in the guardianship proceeding. Defendants deny any inference that the Court has subject matter jurisdiction over any of Plaintiff's claims in said Paragraph which do not allege a violation of 25 U.S.C. §§ 1911, 1912, or 1913. As to the remaining

3

allegations, Defendants are without sufficient information to admit or deny and remit Plaintiff to his strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

11.     Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Join Party)

12.     Plaintiff fails to join a necessary and indispensable party to this action, the Oglala Sioux Tribe.

### THIRD AFFIRMATIVE DEFENSE

(Subject Matter Jurisdiction)

13.     This Court lacks subject matter jurisdiction over any of Plaintiff's claims which do not allege a violation of 25 U.S.C. §§ 1911, 1912, or 1913.

### FOURTH AFFIRMATIVE DEFENSE

(General)

14.     As an affirmative defense, Defendants allege all affirmative defenses that are required to be pled pursuant to Fed. R. Civ. P. 8(c).

WHEREFORE, having fully responded to Plaintiff's Petition, Defendants Lloyd and Katie Warren pray for judgment as follows:

15.     For dismissal of Plaintiff's Petition in its entirety with prejudice;

16.     For costs and disbursements incurred herein; and

4

17.        For such other relief as the Court deems just and equitable.


DATED: March 19, 2020


                                    RIBSTEIN & HOGAN LAW FIRM


                                    _____

                                    Tim Hogan
                                    621 Sixth Street
                                    Brookings, SD  57006
                                    Telephone:  605-692-1818
                                    timhogan@sdakotalaw.com
                                    Attorney for Defendants